IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| GLENN SILBAUGH, Individually and on behalf of all others similarly situated, | CASE NO. |
| | JUDGE |
| Plaintiff, | |
| vs. | **COMPLAINT FOR CLASS ACTION** |
| CENSTAR ENERGY CORP., | |
| Defendant. | |

Now comes Glenn Silbaugh, individually and as representative of all others similarly situated, and for his Class Action Complaint states:

### INTRODUCTION

1. This is a class action brought by Glenn Silbaugh, individually and as a putative representative, against CenStar Energy Corp ("CenStar" or "Defendant"). Defendant has violated federal law by using automatic telephone dialing systems to place unsolicited calls to the telephones of consumers nationwide without the consent of the telephone's owner. Under the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., ("TCPA") Plaintiff seeks to stop Defendant from placing the unsolicited calls and to obtain redress for all persons injured by this conduct. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, based on the investigation conducted by his attorneys.

## PARTIES

2. Plaintiff Glenn Silbaugh (hereinafter, "Plaintiff") is an individual and resident of the State of Ohio, County of Lake, and City of Painesville.

3. Defendant CenStar Energy Corp is a New York Corporation with its principal place of business located at 56 Harrison Street, Suite 306, New Rochelle, NY 10801.

## JURISDICTION AND VENUE

4. The Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, specifically the Telephone Consumer Protection Act, 47 U.S.C. § 227.

5. Because a substantial portion of the events giving rise to the present claim occurred in this District, venue is proper in this Court pursuant to 28 U.S.C. §13919(b)(2).

6. Venue is also proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events at issue occurred in this district.

## FACTUAL ALLEGATIONS

7. CenStar is a third-party supplier of electricity servicing New York, New Jersey, and Ohio.

8. In an attempt to market and sell residential electric services, Defendant repeatedly made automated promotional telephone calls to Plaintiff and the other members of the putative Class's telephones, in violation of the TCPA.

9. Plaintiff alleges that Defendant made auto-dialed telephone calls using equipment covered by the TCPA, and did so to promote its services and that of its customers, without Plaintiff's prior express written consent.

10. By making these unauthorized telephone calls, CenStar has violated Plaintiff's and other individuals' statutory and privacy rights. CenStar has also caused actual concrete harm, not only because individuals were subjected to the aggravation, time, and invasion of privacy that necessarily accompanies unwanted phone calls, but also because individuals frequently pay their cell phone service providers for the receipt of such unwanted telephone calls, have lost use of their cell phone and cell phone line when receiving such calls, are subjected to increased electricity costs to charge their phones after receiving such calls, and waste their time answering or otherwise acknowledging such calls

11. To redress these injuries, Plaintiff, on behalf of himself and a nationwide class, brings this class action under TCPA.

12. The TCPA exists to prevent communications like the ones described within this complaint. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

13. When it passed the TCPA, Congress intended to provide consumers a choice as to how telemarketers may contact them and found that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." Pub. L. No.102-243, § 11.

14. Congress also found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance…" *Id.* at §§12-13.

15. On behalf of himself and the Class, Plaintiff seeks an injunction requiring Defendant to cease all unsolicited telephone calling activities and an award of statutory damages to the Class members, together with costs and reasonable attorneys' fees.

3

## THE CALL TO PLAINTIFF GLENN SILBAUGH

16. Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

17. On June 2, 2017 CenStar placed a telemarketing call to the Plaintiff's cellular telephone.

18. The call from CenStar came from (440) 638-5692.

19. When answering the call, Plaintiff heard a pause followed immediately by a "click" noise. This unmistakably was NOT a human being manually dialing a phone number and executing a call, but a machine automatically calling people and then automatically connecting that call to a human in CenStar's call center only after a recipient, such as the Plaintiff, answered the call.

20. Plaintiff has never given express consent to receive a telephone call from Defendant.

21. Plaintiff does not have a relationship with Defendant, has never provided his telephone number to Defendant, nor consented or requested that the Defendant call him or offer him products or services.

## CLASS ALLEGATIONS

22. Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

23. Defendant and its agents have made, and continue to make, unsolicited calls to cellular telephone numbers, including to Plaintiff's and the other members of the class, using an automatic telephone dialing system.

24. These calls were made without the prior express consent of Plaintiff or the class members.

25. Plaintiff brings this action on behalf of himself and for all other persons similarly situated (herein collectively referred to as "Plaintiffs" or "putative class members") who received calls on their cellular telephones from Defendant's automatic telephone dialing system without giving Defendant prior express consent.

26. This class numbers over forty (40) persons and is so numerous that joinder of all members is impracticable, and it is further impracticable to bring all such persons before this Court.

27. The injuries and damages to these class members present questions of law and fact that are common to each class member, and that are common to the entire class as a whole. Those common questions include, and are not limited to:

    (a) Whether the subject calls were auto-dialed;

    (b) Whether the subject calls are covered by the TCPA;

    (c) Whether the subject calls violate the TCPA; and

    (d) Whether the class members are entitled to relief under the TCPA.

28. Defendant has have engaged in the same conduct regarding all of the other members of the class asserted in this suit.

29. The claims, defenses, and injuries of the representative Plaintiff are typical of the claims, defenses and injuries of the entire class, and the claims, defenses and injuries of each class member are typical of those of the entire class.

30. Representative Plaintiff will fully and adequately protect and represent the entire class, and all of its putative class members.

31. The identity of all members of this class cannot be determined at this time, but will be so determined at a later time upon obtaining discovery from Defendant and others.

32. The prosecution of separate actions by each member of this class would create a substantial risk of inconsistent or varying adjudications with regard to individual members of the class that would establish incompatible standards of conduct for Defendant.

33. The prosecution of separate actions would also create a substantial risk of adjudication with respect to individual members of the class which, as a practical matter, would be dispositive of the interest of other members not parties to the adjudication, thereby substantially impairing and impeding their ability to protect these interests. Further, the maintenance of this suit as a class action is the superior means of disposing of the common questions which predominate herein.

**FIRST CLAIM FOR RELIEF**
**Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq.**

34. Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

35. Plaintiff did not expressly consent to receive calls from Defendant, as required by the TCPA.

36. Defendant used a computerized automatic telephone dialing system to call Plaintiff's cellular telephone.

37. The call to Plaintiff's cellular telephone was a violation of 47 U.S.C. 227(b)(1)(A)(iii).

38. Defendant placed this call in knowing violation of the TCPA. It willfully violated federal law.

39. Defendant has acted in the same way toward all members of the class.

6

40. Plaintiff and the class members were harmed by Defendant's conduct. This included the harm envisioned by the TCPA in being a recipient of an unlawful robo-call for which the TCPA provides specific relief. This also included the harms and actual damages identified in paragraph 10 above, which is incorporated here.

41. As a result of these calls, Plaintiff and the class are entitled to relief, recovery, and damages under the TCPA.

## SECOND CLAIM FOR RELIEF
### Injunction and Request for Restraining Order

42. Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

43. Unless restrained and enjoined, Defendant will not cease and desist the conduct described above, and continues that conduct unabated.

44. Plaintiff and the class have no adequate remedy at law to prevent Defendant from continuing this conduct in violation of law.

45. The TCPA provides for injunctive relief against continuing violations, stating:

> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State — A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation…47 USCS § 227(b)(3).

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff demands judgment as follows:

1. For an Order determining at the earliest possible time that this matter may proceed as a class action under Civil Rule 23 and certifying this case as such;

2. For a preliminary and thereafter permanent injunction preventing Defendant from continuing its conduct described above;

3. For damages of actual monetary loss, or $500 for each violation, whichever is greater, pursuant to 47 U.S.C. § 227(b)(3);

4. For treble damages pursuant to 47 U.S.C. § 227(b)(3);

5. For reasonable costs and attorney fees necessarily incurred herein; and

6. For such other or further relief to which Plaintiff and the class are entitled.

Respectfully submitted,

*/s/Patrick J. Perotti*
Patrick J. Perotti, Esq. (#0005481)
Nicole T. Fiorelli, Esq. (#0079204)
Frank A. Bartela, Esq. (#0088128)
**DWORKEN & BERNSTEIN CO., L.P.A.**
60 South Park Place
Painesville, Ohio 44077
(440) 352-3391    (440) 352-3469 Fax
Email:  *pperotti@dworkenlaw.com*
            *nfiorelli@dworkenlaw.com*
            *fbartela@dworkenlaw.com*